**UNITED STATES of America,**

v.

**Charles M. BERMAN, Cornelis deVroedt, Inc., Cornelis de Vroedt, Benjamin Cohan a/k/a Ben Cole, Benjamin Goldstein, Joseph J. Mandell, Ben Cole, a/k/a Ben Coleman and Bert Coleman, Philip Cole, a/k/a Philip Conroy, Nathan S. Flink, Harry Gottlieb, a/k/a Harry Williams, Oscar Gould, Theodore Krol, George E. Lambert, Charles Landeau, Abe H. Lieber, Jesse C. Martin, Eric Clare Matthews, Samuel H. Pearlman, a/k/a Samuel Stanley, Murray H. Porter, Jack Ronger, Brandon K. Scott, Benjamin M. Shuman, Sam Spitzer, a/k/a Sam Spencer, Jack Warren, and Quintin A. Murray, Defendants.**

United States District Court
S. D. New York.
May 13, 1959.

Arthur H. Christy, U. S. Atty., for the Southern District of N. Y., New York City, for the United States, John T. Moran, Jr., Asst. U. S. Atty., New York City, of counsel.

Jaffe & Wachtell, New York City, for defendant, Charles M. Berman.

Manes, Sturim, Donovan & Laufer, New York City, for defendant, Joseph J. Mandell.

Jac M. Wolff, New York City, for defendant, Benjamin Cohan.

FREDERICK van PELT BRYAN, District Judge.

Defendants are charged in the first 23 counts of a 24-count indictment with use of the mails to further a scheme to defraud in the sale of securities in violation of § 17(a) of the Securities Act of 1933, (15 U.S.C.A. § 77(q) (a)). The twenty-fourth count charges a conspiracy under 18 U.S.C. § 371 to violate this and other provisions of law.

The indictment alleges a scheme whereby the common stock of John Inglis & Co., Ltd., a Canadian corporation, was offered and sold by means of false representations and promises and twenty-three separate mailings of confirmations of the sale of such stock in furtherance of the scheme.

The conspiracy alleged is to formulate and carry out this scheme to defraud by the use of the mails and telephone in violation of § 17(a) of the Securities Act, and of 18 U.S.C. §§ 1341 and 1343, and to defraud the United States by destroying records for the purpose of obstructing the lawful investigative functions of the Securities and Exchange Commission.

All of the defendants are named in each of the twenty-four counts except

defendant Murray, who is named only in the conspiracy count.

The following motions are now before me for decision:

1. By defendants Berman and Mandell for a severance and separate trials under Rule 14, F.R.Crim.P., 18 U.S.C.

2. By defendants Berman and Mandell for discovery and inspection under Rules 16 and 17(c), F.R.Crim.P.

3. By the Government, pursuant to Rule 17(c), F.R.Crim.P., to quash a subpoena duces tecum served upon the United States Attorney by defendant Berman.

4. By defendants Berman, Mandell and Cohan for a bill of particulars of the indictment.

### The motion for a severance by defendant Berman.

Defendant Berman claims to be the only individual defendant who is not an officer, director, or employee of defendant Cornelis deVroedt, Inc., a broker-dealer, alleged to have been the corporation which conducted the operations by which the Inglis stock was offered and sold to the public. He also says that he was not a stockholder of the deVroedt company nor an officer, employee, director or stockholder of the Inglis company or of the European trusts from which the Inglis stock is alleged to have been procured. He claims his only connection with these transactions was as a "finder" of stock for deVroedt, Inc. by bringing to it the Inglis shares which it sold, and that he was in no way involved in the internal operations of deVroedt which sold the stock, and had no part in the sales or sales operations.

Berman says that since he was disassociated from the main stream of the operations which are the subject matter of the indictment, to try him at the same time as the other defendants would deny him a fair trial and prejudice him irretrievably.

The indictment charges Berman with participating in the acts alleged in each of the twenty-four counts of the indictment. He denies that he did so and claims that he was merely a finder of stock for the sellers and had nothing to do with the sales. But that is an issue raised by the indictment and his plea of not guilty to it.

If the Government fails to show beyond a reasonable doubt that Berman was connected with the sales, or aided and abetted them, or if he should raise a reasonable doubt as to whether he had such connections, he cannot be convicted. But these issues cannot be determined on a preliminary motion based upon Berman's own affidavits which are in substance merely reaffirmation of the denial of guilt by his plea of not guilty. They must be determined at the trial of the indictment.

Berman's argument is ingenious. He claims that the only witnesses who can testify that he was wholly disassociated with the selling efforts of deVroedt, Inc. and the other defendants are former officers and employees of deVroedt, who are also co-defendants. Since they may fail to take the stand at a joint trial Berman claims he would be unable to call them as witnesses if he were tried at the same time, citing such cases as United States v. Scully, 2 Cir., 225 F.2d 113, certiorari denied 350 U.S. 897, 76 S.Ct. 156, 100 L.Ed. 788, and United States v. Housing Foundation of America, Inc., 3 Cir., 176 F.2d 665.

Berman contends that his constitutional right "to have compulsory process for obtaining Witnesses in his favor" under the Sixth Amendment to the Constitution would be violated unless he were granted a separate trial at which he would be free to call them.

Berman says that if he were tried first he would have the right to call his co-defendants to the stand, and that they might be willing to testify in his favor. On the other hand, they might claim their privilege under the Fifth Amendment. Even if they did so at a separate trial he would still have what-

ever advantage there might be from their appearance on the stand before the jury. If, on the other hand, a separate trial were conducted after the trial of the co-defendants, they might then be willing to testify in view of the disposition of the charges against them, or be unable to assert a Fifth Amendment privilege for the same reason.

The questions raised by the motion for severance should not be determined at this relatively early stage of the proceedings but should be left for determination at the trial. For all that appears now the defendants may all take the stand. Some of them may not go to trial at all, as frequently happens in cases like this. In either of such events the difficulties which Berman now envisages may no longer exist. Moreover, even if all the defendants were tried together and any of them whom Berman desired to call refused to take the stand, the importance of their testimony to Berman in the light of the Government's case against him cannot now properly be evaluated.

On the other hand, the importance to the Government of having a single trial of this involved case, and avoiding the difficulty and expense of having two trials with respect to the same subject matter is not to be discounted, particularly where it is not yet apparent that any prejudice will result or what the extent of such prejudice, if any, may be.

The trial court may order a severance at any time during the course of the trial if it should appear that substantial prejudice would result to a defendant from being tried jointly and Berman's rights can thus be fully protected. The granting of a severance is largely a matter of discretion. Delli Paoli v. United States, 352 U.S. 232, 243, 77 S.Ct. 294, 1 L.Ed.2d 278; United States v. Lebron, 2 Cir., 222 F.2d 531, certiorari denied 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774; United States v. Cohen, 2 Cir., 124 F.2d 164.

I deny Berman's application for a severance at this time in the exercise of my discretion.

### The motion for a severance by defendant Mandell.

█ Defendant Mandell claims that he was an officer of Cornelis deVroedt, Inc. and connected with that company in its operations only from February 1956 to some time in October 1956. He therefore argues that in view of his limited connection with the transactions alleged he would be substantially prejudiced by a joint trial since it would be impossible in view of the number of defendants involved for the jury to distinguish between evidence admitted against him and evidence admitted against the numerous other defendants.

He also says that his means are limited and that he is unable to bear the expense of a trial expected to last some three months.

All of the acts charged in the twenty-three substantive counts of the indictment are alleged to have taken place between May 14, 1956 and July 20, 1956. The overt acts charged in the conspiracy count are alleged to have taken place between May 3, 1956 and October 23, 1956. Mandell was concededly an officer of the deVroedt company and active in its business during this entire period.

Thus he has failed to establish that any prejudice could result to him from a joint trial by reason of his alleged limited period of association with these transactions. Nor has he shown that a separate trial of the issues as to him would be perceptibly shortened for this reason. If he should show at the trial that he will be substantially prejudiced by joint trial he has his remedy there.

There is no merit to his contention that a severance should be granted him because he says he cannot afford the expense of a long trial.

Mandell's motion for a severance is also denied at this time.

Motions under Rules 16 and 17(c).

Defendant Berman has moved under Rule 16, F.R.Crim.P. for inspection of a large volume of books, papers and documents, including all statements made by him to government agencies regarding the matters covered by the indictment. He has also served a subpoena duces tecum on the United States Attorney and the Securities and Exchange Commission under Rule 17(c) for the production of substantially the same material. The Government has moved under Rule 17(c) to quash the subpoena.

Defendant Mandell has moved under Rule 16 to inspect transcripts of the testimony of the persons named as recipients of mailings in each of the twenty-four counts of the indictment, all statements, signed or unsigned, made by witnesses before the Grand Jury, to the Securities and Exchange Commission or the United States Attorney's office, or who will testify for the prosecution, for a list and description of all exhibits the prosecution intends to introduce at the trial, and for a list and description of any sales allegedly made by Mandell.

Defendant Cohan, as part of his motion for a bill of particulars under Rule 7(f), seeks a transcript of his testimony before the Securities and Exchange Commission. While Cohan is not entitled to such relief under Rule 7(f), in order to save the court's time and dispose of all these questions at once, I will treat this branch of his motion as an application under Rule 16.

The Government has agreed to permit defendants Berman and Mandell to inspect and copy a substantial volume of material in its possession, including all books, records, papers and documents obtained from Cornelis deVroedt, Inc. The Government states that it does not have in its possession other material of a similar nature called for by these motions, nor any such material obtained from defendant Berman. I take it that the Government means by that that such material is not in the hands of the Se-curities and Exchange Commission either. Thus, there is no necessity to discuss the items referring to this material.

Defendant Berman also seeks the production of certain books, records and documents subpoenaed by the Securities and Exchange Commission from G. F. Rothschild Co., Inc., of which he says he was an officer during the period covered by the indictment. The Government states that these records are not in the hands of the United States Attorney but are being used by the Securities and Exchange Commission in connection with an investigation wholly unrelated to the subject matter of the present indictment. Since defendant Berman has not shown why any of these books and papers are material to the preparation of his defense, or that any specific items relate in any way thereto, he is not entitled to an inspection of the Rothschild books and papers. This item is denied without prejudice to a renewal of the motion with respect to any specific documents upon a proper showing that they are material to the preparation of Berman's defense.

Berman also seeks all books, papers, documents, etc., "relating to" him and to the other defendants named in the indictment. This request does not appear to be confined to books, papers and documents obtained from others by seizure or by process, nor is there a showing that any of these items may be material in the preparation of Berman's defense or that his request is reasonable as required by Rule 16. These items are likewise denied. The same ruling is made as to similar requests made by defendant Mandell, including his requests for lists of exhibits and of sales allegedly made by him.

Mandell seeks also inspection of the statements of some twenty-four named witnesses and statements of the defendants and other witnesses before the Grand Jury, in the course of the Securities and Exchange Commission investigation or to the United States Attorney

and of any witnesses who will testify at the trial. The motion of the defendant Berman appears broad enough to encompass a somewhat similar request.

■ Defendants have no right to inspect the statements of witnesses in advance of trial, whether they be co-defendants or not. See United States v. Palermo, D.C.S.D.N.Y., 21 F.R.D. 11; United States v. Benson, D.C.S.D.N.Y., 20 F.R.D. 602; United States v. Grossman, D.C.D.N.J., 154 F.Supp. 813; 18 U.S.C. § 3500.

The requests for such inspection are denied.

■ This leaves for disposition the requests of the moving defendants that they be permitted to inspect any statements which they themselves gave to any Government agencies, or before the Grand Jury.

As to defendants Mandell and Berman, the Government represents that the only statements of theirs which it has in its possession are transcripts of their testimony before the Securities and Exchange Commission during the course of its investigations. The Government opposes the application to inspect these statements.

■ The Government asserts that because the testimony of Berman and Mandell taken before the Securities and Exchange Commission was not signed the defendants are not entitled to inspect it for that reason alone. I see no merit in this contention. As I understand it, the defendants seek to inspect the stenographic transcript of their testimony taken under oath. Why this should be analogous to an unsigned informal statement taken from a defendant, assuming the distinction between signed and unsigned statements has any validity, is beyond me. If a defendant is entitled to any statement at all, he is certainly entitled to a stenographic transcript of testimony given under oath at a formal investigation by a Government agency. A defendant is quite thoroughly com-

mitted by such a statement and it has at least as much weight as a statement written out by a Government agent in his own language and signed by a defendant.

The Government also urges that in any event the court has no power either under Rule 16 or Rule 17(c) to permit a defendant to inspect his own statement. There is no doubt that there is a conflict in the cases in this district as to whether the court has such power. E. g., cf. United States v. Peltz, D.C.S.D.N.Y., 18 F.R.D. 394 with United States v. Peace, D.C.S.D.N.Y., 16 F.R.D. 423. As the Court of Appeals of this circuit pointed out in United States v. Louie Gim Hall, 2 Cir., 245 F.2d 338, 341, this is "a question of no little difficulty".

I have recently expressed the view that the court has such power. United States v. Shindler, 173 F.Supp. 393. At the urging of the United States Attorney I have re-examined the question and I see no reason to change my view in the absence of a decision by the Court of Appeals on the subject. With all respect to my colleagues who hold different views, it seems to me that the theory that the court is without power to grant such a request is based upon a quite technical construction of the Rules of Criminal Procedure which does not appear to me to be justified in the light of the mandate in Rule 2 that the rules "shall be construed to secure simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay". I therefore again hold that the court has power in its discretion to permit such inspection.

The case at bar is in many respects similar to United States v. Shindler, supra, where I permitted such an inspection. Here, as there, extensive and complicated transactions are involved and I think the very nature of the case shows good cause why the request should be granted. In my view it would be unfair to these two defendants and would tend to lengthen the trial were such inspection

denied them. See United States v. Schluter, D.C.S.D.N.Y., 19 F.R.D. 372. The defendants Berman and Mandell will each be permitted to inspect his own testimony, but his own testimony only, before the Securities and Exchange Commission.

The transcript of the testimony of defendant Cohan before the Securities and Exchange Commission covers some 56 pages. The Government states that during the course of the hearing Cohan was questioned as to his relations with Cornelis deVroedt, Inc., but not concerning purchases or sales of John Inglis Co., Ltd. stock, and that the hearing was limited to an investigation concerning the sales of securities other than this stock.

I will permit the defendant Cohan to inspect the portions of his testimony which relate to his relations with Cornelis deVroedt, Inc. He will not be permitted to examine the portions of his testimony which do not relate to such relationship and concern transactions other than the sale of the Inglis stock unless the Government, by its bill of particulars, which I will discuss later, states that the charges contained in the indictment relate to specified securities and stocks other than the Inglis stock. In such event Cohan will be permitted to inspect any parts of his testimony which relate to such other stocks and securities as the Government specifies were sold as part of the alleged scheme to defraud.

The respective motions for discovery and inspection are granted to the extent indicated and in all other respects denied. The Government's motion to quash the Berman subpoena is granted to the extent indicated but otherwise denied.

The motions for bills of particulars.

The indictment in this case, in an introduction, spells out the alleged scheme to defraud in very considerable detail. It then sets forth in twenty-three counts the acts charged to constitute the substantive offenses, giving the date and the names and addresses of the persons to whom the mailings allegedly in violation of law were made. Count 24, the conspiracy count, not only incorporates the introductory material which gives the details of the alleged scheme to defraud, but also sets forth some forty-nine specific overt acts allegedly committed in furtherance of the conspiracy, giving the dates of the overt acts, their nature and the names of the defendants and the other persons who allegedly participated in them.

Each of the motions for a bill of particulars calls for a statement of detailed matters regarding the Government's evidence and the proof upon which it would have to rely to establish a case against the defendants. It would serve no useful purpose here to enumerate all the items which the defendants seek. With the few exceptions indicated below they go far beyond anything to which the defendants are entitled, particularly in view of the unusually detailed indictment in this case. The office of a bill of particulars is to inform the accused of the nature of the charges with sufficient precision to enable him to prepare for trial and to prevent surprise, and to enable him to interpose a plea in bar in a second prosecution for the same offense and thus to avoid double jeopardy. Wong Tai v. United States, 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545; United States v. Klein, D.C.S.D.N.Y., 124 F. Supp. 476, 479; United States v. Foster, D.C.S.D.N.Y., 80 F.Supp. 479, 486.

The indictment here, with the exceptions below noted, is more than sufficient for these purposes.

Nevertheless, there are three items to which I believe the defendants are entitled. The Government will serve a bill of particulars informing the moving defendants

1. Whether the alleged scheme to defraud is claimed to include the offer or sale of securities other than the common capital stock of John Inglis & Co., Ltd., and, if it is, identifying such securities.

33 at top right

2. With respect to Count 24, the manner in which and the means by which it is claimed that the defendants conspired to defraud the United States and the Securities and Exchange Commission by destroying and falsifying records of sales and cancellation for the purpose of impeding its lawful legislative functions, and the records which it is claimed were destroyed for that purpose.

3. Whether it is claimed that any other broker-dealer than Cornelis de-Vroedt, Inc. participated in the alleged scheme to defraud, and, if so, the identity of such broker-dealer or dealers.

The motions for bills of particulars are granted to the extent indicated only and in all other respects denied.

Settle order on notice in accordance with this memorandum.