**UNITED STATES of America**

**v.**

**Charles R. HARARY et al., Defendants.**

**No. 70 Crim. 1104.**

United States District Court,
S. D. New York.

May 20, 1971.

Whitney North Seymour, Jr., U. S. Atty., S. D. New York, for the United States; Walter M. Phillips, Jr., Asst. U. S. Atty., S.D.N.Y., of counsel.

Zelby & Burstein, New York City, for defendants Sutton; Herbert Burstein, New York City, of counsel.

METZNER, District Judge.

The defendants Harary, Meyer Sutton and Abraham Sutton are charged in one indictment with having conspired to bribe a named Internal Revenue agent (count 1), with having bribed that agent (count 2), and with having given a gratuity to that agent (count 3). The date alleged is September 22, 1970 and the amount is $1,250.

On the eve of trial the Suttons moved for a severance on the ground that a government agent (not the one to whom the bribe was given) was going to testify for the prosecution as to a confession allegedly made by Harary which also implicated the Suttons. The government responded by stating that it intended to limit the examination of its witness solely to Harary's statements as to his own involvement. Specifically, the witness would testify that Harary admitted giving $1,250 to the agent conducting the audit and that the initial overtures were made by Harary and not by that agent.

In Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the Court held that the admission in evidence of a statement made by one defendant inculpating a codefendant violated the latter's constitutional right of confrontation if the declarer failed to take the stand. This holding, however, did not make the admission of every such statement reversible error. It ap-

plies only when "the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." 391 U.S. at 135, 88 S.Ct. at 1627.

The consequence of the above quoted language has been decisions such as Wapnick v. United States, 406 F.2d 741 (2d Cir. 1969), which holds that while the admission of such testimony was improper, the complaining codefendant was not prejudiced because the remaining evidence in the case overwhelmingly proved his guilt. Then there are decisions such as United States v. Lipowitz, 407 F.2d 597 (3d Cir. 1969); White v. United States, 415 F.2d 292 (5th Cir. 1969), and United States ex rel. Nelson v. Follette, 430 F.2d 1055 (2d Cir. 1970), which hold that the confession did not serve to connect the codefendant to the crime.

■ The government intends to call only two witnesses. The first is the Revenue agent to whom it is alleged the bribe was given by Harary during the course of the audit of the tax returns of the Suttons' corporation. The other is a second Revenue agent who was present when it is claimed that Harary made the inculpatory statement. If the second witness testifies that Harary admitted paying $1,250 on September 22, 1970 to the first Revenue agent, it is perfectly obvious that the jury would assume that this refers to the incident for which the Suttons have been indicted. Consequently, the government's attempt to limit the testimony as to the inculpatory statement here, even with the broadest cautionary instruction, cannot overcome the rule of *Bruton*.

The moving defendants may also be prejudiced in another way. If the second agent is allowed to testify as to Harary's statement, he furnishes the only corroboration of the testimony of the recipient of the bribe. There is no overwhelming testimony at this point in the proceedings to overcome a possible error in admitting the statement.

The rule of *Bruton* is predicated on a violation of a defendant's Sixth Amendment rights to confront witnesses against him. Harary's counsel very properly has advised the court that he does not know at this time whether his client will take the stand or not. He has further advised the court that he cannot be sure whether in the course of cross-examination he will not bring out the full statement made by Harary, thus inculpating the Suttons. This leads to the type of situation dealt with in DeLuna v. United States, 308 F.2d 140 (5th Cir. 1962).

■ Up to this point there is no doubt that a severance is called for, except for the possibility that Harary will take the stand. If he does the Suttons will have their right of confrontation and the possible prejudice will be dissipated. Cf. United States v. Kaufman, 291 F.Supp. 451 (S.D.N.Y.1968).

Accordingly, this motion for a severance is denied with leave to renew at the close of the evidence.

So ordered.