**UNITED STATES**

v.

**Cheryl PURVIS and Cynthia Johnson, Defendants.**

**No. 90 Cr. 887 (RPP).**

United States District Court, S.D. New York.

April 19, 1991.

---

**8.** For employee testimony, *see* Di Roma Aff.; Baldwin Aff.; Johnston Aff.; Benedict Aff.; Haus Aff.; Strasser Aff.

**9.** *See* Johnson Aff. ¶¶ 4–6.

Otto Obermaier, U.S. Atty., S.D.N.Y., New York City by Peter K. Vigeland, for the Government.

Werner & Kennedy, New York City by Austin V. Campriello, for defendant Cheryl Purvis.

Douglas F. Eaton, New York City, for defendant Cynthia Johnson.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

Defendants Cheryl Purvis ("Purvis") and Cynthia Johnson ("Johnson") move pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure for an order dismissing the bribery counts contained in the indictment (Counts Four, Six, Eight, Ten, Fourteen, Seventeen, Nineteen, Twenty–One and Twenty–Three) and deleting from Count One all references to bribery.

Defendant Cheryl Purvis also moves pursuant to Rule 14 of the Federal Rules of Criminal Procedure for an order severing her case from that of her co-defendant.

## BACKGROUND

The defendants are charged with one count of conspiracy in violation of 18 U.S.C. § 371, nine counts of bribery in violation of 18 U.S.C. § 201(b)(2)(B) and § 2, and fourteen counts of theft of public monies in violation of 18 U.S.C. § 641 and § 2.

The facts alleged by the government are as follows. The defendants, while working as payroll clerks at the Veteran's Administration ("VA") Medical Center in the Bronx ("the Hospital"), fraudulently manipulated certain VA payroll records known as Payroll Adjustment Forms, causing the United States Treasury to send inflated paychecks to the defendants and, later, to other Hospital employees. After embarking on this scheme, the defendants developed a method by which they could continue to steal VA money with less chance of detection. Rather than inflating only their own paychecks, Purvis and Johnson began a process of recruiting other employees. Their new method was to provide a co-worker with an unexpected salary overpayment, usually without prior communication with the co-worker. The defendants would then approach that co-worker to seek and receive kickbacks of a portion of the excess pay in return for their continuing manipulations of the Pay Adjustment Forms for

these employees. A number of employees agreed to the arrangement, and defendants consequently received portions of monies overpaid on the paychecks of these co-workers. The scheme unraveled when a co-worker who was thus approached reported the initial overpayment to a supervisor.

The government contends that solicitations of the other employees were carried out after the theft of the public monies by Purvis and Johnson, that they represent criminal acts of both bribery and theft of public funds clearly independent of the initial embezzlement and that the indictment is proper in so charging the defendants.

## DISCUSSION

### I. *Motion to Dismiss Bribery Counts*

Fed.R.Crim.P. 12(b)(2) states that all motions "based on defects in the indictment or information" be raised prior to the start of trial. In the present case, defendants Purvis and Johnson claim the charges of bribery are not supported by the facts and that they duplicate the theft charges. Defendants both move for dismissal of the bribery Counts.

■ 18 U.S.C. § 201(b)(2)(B) defines bribery as the act wherein:

[a] public official, directly or indirectly, corruptly demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally or for any other person or entity, in return for … being influenced to commit or aid in committing, or to collude in, or allow, any fraud, or make opportunity for the commission of any fraud, on the United States.

18 U.S.C. § 201(b)(2)(B) (1988).[1] The defendants claim that this statute is being misinterpreted by the Government with regard to the facts at hand. They claim that 18 U.S.C. § 201 was enacted for the sole purpose of preventing the corruption of a Government agency by an outside source and, therefore, the transactions in this case, between co-employees, do not fall within the statute. To accept this argument would be to ignore the broad purpose of 18 U.S.C. § 201, which is to prevent the corruption of federal employees and the abuse of public office. The fact that a fraud upon the United States has been perpetrated by and for only federal employees does not preclude the application of the bribery statute.

■ Defendants Purvis and Johnson also suggest that the bribery charges may not be brought in addition to the charges alleging a theft of government funds. They rely upon *Milanovich v. United States*, 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961), which held that a defendant may not be convicted, under the same statute, for both stealing and receiving the same stolen goods. Defendants claim that the following analogy can be drawn between *Milanovich* and the case at hand: Purvis and Johnson allegedly took part in the theft of the Government funds and cannot, therefore, be properly charged with receiving the proceeds of that theft as a bribe. This case, however, is distinguishable from *Milanovich*. In *Milanovich* the defendant was charged in separate counts with violations of the same statute, 18 U.S. § 641, arising out of the same acts. Here, the challenged separate counts refer to separate statutory violations, under 18 U.S.C. § 641 and 18 U.S.C. § 201(b)(2)(B).[2] The same elements of proof can constitute separate counts of an indictment. A person who shoots another can be separately charged with possession of a pistol, as well as criminal assault and attempted murder. Similarly, defendants are often charged in separate counts with conspiracy, 18 U.S.C. § 371 and with the conspiracy's substantive purpose, e.g., mail fraud or obstruction of justice.

Moreover, here the government's proffer on oral argument was that defendants en-

---

**1.** "For the purpose of this section: 'public official' means … an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, … in any official function, under or by authority of any such department, agency, or branch of Government." 18 U.S.C. § 201(a) (1988).

**2.** 18 U.S.C. § 2 (aiding and abetting) is also charged in each count.

ticed other employees into the thefts of government funds by an original unrequested overpayment of salary and, subsequently, solicited a continuation · of the check manipulation in return for bribes in the form of a share in the overpayments. The government states that when they first received their checks constituting overpayments, most of the recipients were unaware of the proposed theft of government funds until the defendants Purvis and Johnson approached them with the bribe solicitation. Under that circumstance, the overpaid employees were not yet participants in actual theft of public funds and the alleged solicitation of a bribe by the defendants clearly constituted a crime under 18 U.S.C. § 201(b)(2)(B). The ensuing knowing and wilful decision of the co-worker recipients to keep the proceeds of the overpayment which necessarily followed the solicitation of the bribe constitutes an additional act not necessary for a violation of 18 U.S.C. § 201(b)(2)(B) (solicitation of bribes), but necessary for a violation of 18 U.S.C. § 641 (theft of government funds).

If, from the outset, the recipients and defendants had been parties to an agreement to divert the original overpayment to their mutual use, there might be more force to defendants' motion. But since the proffer is otherwise, and *Milanovich* relates only to separate charges under the same statutory section, the Court will not address that point. The defendants' motion for an order dismissing all bribery counts is denied.

## II. *Motion for Severance*

█ Fed.R.Crim.P. 14 allows for the severance "[i]f it appears that a defendant or the government is prejudiced by ... such joinder for trial together." Defendant Purvis claims that substantial prejudice would result from the joint trial because of the co-defendants' contrary testimonies regarding their involvement.

"Any analysis of ... requests for severance must begin from the position, repeatedly expressed in the decisions of our Court of Appeals, that defendants who are indicted together will normally be tried to-

gether." *United States v. Ianniello*, 621 F.Supp. 1455, 1477 (S.D.N.Y.1985), *aff'd*, 808 F.2d 184 (2d Cir.1986), *cert. denied*, 483 U.S. 1006, 107 S.Ct. 3229, 3230, 97 L.Ed.2d 736 (1987). For purposes of judicial economy and fairness, courts strongly disfavor severance in cases where, as here, the indictment charges a common scheme or plan, *United States v. Persico*, 621 F.Supp. 842, 852 (S.D.N.Y.1985), *aff'd and rev'd on other grounds*, 832 F.2d 705 (2d Cir.1987), *cert. denied*, 486 U.S. 1022, 108 S.Ct. 1995, 1996, 100 L.Ed.2d 227 (1988), and a conspiracy, *United States v. Kaufman*, 291 F.Supp. 451, 452 (S.D.N.Y.1968). Thus, to justify a severance, a "defendant must meet the burden of showing that 'he would be so prejudiced by a joint trial that he would in effect be denied a constitutionally fair trial'...." *Persico, supra* (quoting *United States v. King*, 49 F.R.D. 51, 53 (S.D.N.Y.1970)).

As the basis for her motion, Purvis relies solely on *United States v. Serpoosh*, 919 F.2d 835 (2d Cir.1990), which held that severance is required in cases where co-defendants present mutually antagonistic defenses and "'the conflict is so irreconcilable' that acceptance of one defendant's defense will lead the jury to convict the other." *Serpoosh, supra* (quoting *United States v. Tutino*, 883 F.2d 1125, 1130 (2d Cir.1989), *cert. denied*, —— U.S. ——, 110 S.Ct. 1139, 107 L.Ed.2d 1044 (1990)). The facts here, however, do not lend themselves to such a theory. Purvis' counsel raises the possibility that her defense will be that she is innocent of all wrongdoing and suggests that Johnson's defense, on the basis of her proffered statement to federal agents, will be that she was merely an unwitting pawn in a large scale payroll fraud of which Purvis was a knowing member. Counsel for Purvis, however, has not shown that Johnson's potential testimony, even if she did testify along the same lines as what is contained in her statement, would be so damaging to Purvis' account of events that a jury would necessarily convict Purvis if it acquitted Johnson. The statements credited to Purvis by Johnson in her proffered statement, even assuming Johnson were to testify as above, are not

directly incriminating, mainly concern circumstantial evidence and would not necessarily result in a conviction of Purvis if believed. Purvis' counsel does not suggest that the two defendants' defenses will be mutually exclusive, but rather only alleges that they will be factually inconsistent, and in such a case, the "Second Circuit has left no doubt that 'a certain amount of prejudice is regarded as acceptable given the judicial economies that result from joinder.'" *United States v. Carpentier*, 689 F.2d 21, 27 (2d Cir.1982), *cert. denied*, 459 U.S. 1108, 103 S.Ct. 735, 74 L.Ed.2d 957 (1983). Consequently, a joint trial will not result in the substantial prejudice necessary to justify a severance.

Based on the facts of the case, Defendant Purvis has failed to show substantial prejudice will result from a joint trial, and accordingly, her motion for an order to sever is denied.

## CONCLUSION

For the reasons stated above, defendants' motions are denied. The parties should be ready for the trial as previously scheduled for May 1, 1991, at 9:30 a.m., Courtroom 302, United States Courthouse, Foley Square, New York, New York.

IT IS SO ORDERED.