**UNITED STATES of America,**
**Appellee,**

v.

**Robert MYERS, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**Eugene R. HOWARD, Appellant.**

**UNITED STATES of America,**
**Appellee,**

v.

**Charles ADDISON, Appellant.**

**Nos. 12444, 12496, 12498.**

United States Court of Appeals
Fourth Circuit.

Argued Dec. 2, 1968.

Decided Jan. 24, 1969.

George F. Griffith (Court-appointed counsel), Fairfax, Va., for appellant in No. 12,444.

Harry P. Friedlander, Arlington, Va. (Court-appointed counsel), for appellant in No. 12,496.

Bruce G. Campbell (Court-appointed counsel), Fairfax, Va., for appellant in No. 12,498.

Stefan C. Long, Asst. U. S. Atty. (C. V. Spratley, Jr., U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and BOREMAN and CRAVEN, Circuit Judges.

HAYNSWORTH, Chief Judge:

These three defendants were jointly indicted and tried upon a charge of receiving and concealing heroin in violation of the narcotics laws. We affirm their convictions.

---

Armed with arrest warrants for the lessee of an apartment in Alexandria, Virginia, and another individual, agents of the Federal Bureau of Narcotics, accompanied by Alexandria detectives, gained lawful access to the apartment. They testified that two of these defendants were seated in front of a coffee table, upon which there was a quantity of heroin, together with needles, syringes and other supplies in connection with its use. These two, the agents testified, jumped up in apparent alarm upon the entry of the officers. The third defendant was also in the living room, and in his shirt pocket there were additional envelopes containing heroin.

Each of the defendants offered a lame explanation for his presence. One said he had entered the apartment for the purpose of calling a taxicab. The second said he had come down from New York to seek a job of a man named "Spoon," who had no other known name. He had telephoned Spoon, after which, at Spoon's direction, he had been picked up in the District of Columbia and carried to the apartment in Alexandria, presumptively to await Spoon's arrival. The third said he went to the apartment to borrow some money and, while waiting there watching television, had been requested by a man named "Eddie," no other name known, to hold a package for him, the contents of which were unknown to the defendant. Eddie was not otherwise identified.

The defendants offered no corroborating witnesses.

■■■ We think the evidence sufficient to support the conviction and we find no abuse of the District Court's discretion in denying the pretrial motions for severance. The jury was not bound to accept the feeble, unsupported explanation by each defendant of his presence. Since they were arrested together under joint charges and jointly indicted, they were properly tried jointly, notwithstanding the fact that each may have suffered to some extent from the unsavory character of his codefend-

ants to the extent that that was revealed at the trial. The latter circumstance is not alone sufficient to require the grant of separate trials; it is but one circumstance which the District Judge may take into account, and is not lent great weight when each of three codefendants, because of the claimed unsavory character of the other two, claims prejudice in being put to a joint trial.

Affirmed.