**UNITED STATES of America,**
**Plaintiff,**

v.

**William Burdette MONTAGUE, Woodrow**
**W. Steen, Pat Tilmon Smith,**
**Defendants.**

**No. CRE 7055.**

United States District Court,
N. D. Mississippi, E. D.

Dec. 8, 1970.

---

William M. Dye, Jr., and Al Moreton, Asst. U. S. Attys., Oxford, Miss., for plaintiff.

Floyd Cunningham, Booneville, Miss., for defendants.

## MEMORANDUM ORDER

KEADY, Chief Judge.

The motions of William Burdette Montague and Woodrow W. Steen for a severance having been presented to the court, and after consideration of memorandum briefs the court concludes that said motions are not well taken and should be denied. The granting of a severance under Rule 14 of F.R.Crim. P. is in the discretion of the court and is proper only in cases where it is demonstrated that an actual prejudice to the defendants will result from a joint trial.

In this case, three defendants are charged in a one-count indictment with conspiracy to violate the Internal Revenue laws relating to distilled spirits, 18 U.S.C. § 371. The fact that certain overt acts mentioned by name one defendant and not other defendants is not ground for a separate trial. Proof of overt acts on the part of alleged conspirators would be admissible in a sepa-

rate trial no less than a joint trial. It is not at all unusual to have overt acts in a conspiracy indictment specifying by name one or more but less than all of the alleged conspirators.

The court does not find merit in the suggestion that in a joint trial the co-defendants, should they testify, will have their credibility weakened by their interest in the outcome of a joint trial. The interest of a co-defendant, whether in a separate or in a joint trial, will be disclosed to the jury on the basis of his connection claimed to exist with the events testified about. The credibility of a co-defendant who might undertake to testify would not be enhanced through separate trial of each defendant. Moreover, the suggestion that a co-defendant might testify in a separate trial is not an adequate demonstration that the co-defendant would actually testify in a separate trial, or that he would not testify in a joint trial, nor for that matter that any co-defendant would, in fact, be called on to give testimony in any trial.

The argument is often made but seldom sustained that a joint trial precludes the calling of a co-defendant to give testimony that might exculpate the other defendants. The motions in this case present no exceptional circumstances to justify the ordering of separate trials upon mere possibilities that seem highly speculative and conjectural.

There is no merit in the contention that in a joint trial each movant will not have proper control respecting the nature of the defenses to be interposed by each defendant. There is no showing that the interests of Montague, Steen and Smith are adverse or antagonistic to each other so as to present unusual circumstances which would make unfair their joint trial. The movants do not indicate in what way the trial strategy, cross-examination and presentation of evidence by any defendant other than himself might interfere with the orderly presentation of the case on the part of each defendant in a joint trial. A case in point is Milam v. United States, 322 F.2d 104 (5 Cir.1963), where two of the three co-defendants in a mail fraud prosecution claimed that "to deny their motions for a severance was to deny each of them the right to have lead counsel in presenting his own case." Rejecting this contention, the Court said:

"At trial, each defendant was represented by counsel of his own choice. Each counsel had an equal opportunity of objection and presentations of motions to the Court. There was unlimited right to cross-examination of the Government's witnesses. In short, each counsel was given ample opportunity to present his client's case."

In a joint trial, the three defendants may have protected their full rights for an orderly presentation.

Nor is there any reason to grant a severance because two defendants, Montague and Steen, are law enforcement officers and were law enforcement officers during the periods of the alleged violations so that their joint trial with the third defendant, Pat Tilmon Smith, would be prejudicial. As the government points out, the unsavory character of one's co-defendant is not a ground for severance. We follow the rule announced in United States v. Myers, 406 F.2d 746, 747 (4th Cir. 1969), which upheld the denial of a request for severance made by three defendants in a narcotics case. Affirming their convictions, the court said:

"Since they were arrested together under joint charges and jointly indicted, they were properly tried jointly, notwithstanding the fact that each may have suffered to some extent from the unsavory character of his co-defendants to the extent that that was revealed at the trial. The latter circumstance is not alone sufficient to require the grant of separate trials. * * *"

The mere circumstance that two of the defendants may hold law enforcement positions does not entitle them to be tried separately and apart from a third

defendant who is merely a private citizen. We see no prejudice is apt to result from a joint trial.

 Finally, we consider the argument that a severance should be granted here because of the possibility that the failure of a co-defendant to testify may be the subject of comment by a movant or the failure of movant to testify may be the subject of comment by counsel representing the other defendants. Here again we are faced with mere possibilities and without any showing that the defense of either movant is antagonistic to his co-defendants. The mere desire to comment upon a failure of a co-defendant to testify is not enough to justify separate trials and does not make applicable the rule of De Luna v. United States, 308 F.2d 140 (5 Cir.1962), which is relied upon by movants. The *De Luna* rule may be invoked only in rare circumstances where it is the *duty*, as distinguished from a mere desire, of defense counsel to comment upon a co-defendant's silence. A severance is not called for in a conspiracy prosecution where only a small part of the trial may concern an attempt by one defendant to shift the blame to his co-defendant, using as his basis the failure of a co-defendant to testify. The foregoing was made clear by the Fifth Circuit in Gurleski v. United States, 405 F. 2d 253 at 265 (5 Cir.1968), where the Court commented upon the scope of the *De Luna* rule in these words:

> "The *De Luna* rule applies only when it is counsel's *duty* to make a comment, and a mere desire to do so will not support an incursion on a defendant's carefully protected right to silence. Clearly, a duty arises only when the arguments of the co-defendants are antagonistic. * * * as that term is defined in *De Luna*."

All things considered, movants have failed to present any good reason for the court to grant a severance, and they have failed to carry the burden of showing that joinder is prejudicial. On the other hand, a joint trial is in the interest of economy and prompt dispatch of judicial business. It would be a waste of judicial resources, an unwarranted expense to the taxpayers, and an unjustified inconvenience to witnesses and jurors to request three separate trials on a one count indictment charging all three defendants with a single conspiracy.

The motions of William Burdette Montague and Woodrow W. Steen for severance are hereby denied.