**UNITED STATES of America**

v.

**Rocco FRUMENTO, et al.**
**John R. Sills, Movant.**

**Crim. No. 75–322.**

United States District Court,
E. D. Pennsylvania.

March 1, 1976.

Robert E. J. Curran, U. S. Atty., Alan M. Lieberman, Joseph M. Fioravanti, Asst. U. S. Attys., Philadelphia, Pa., for plaintiff.

Richard G. Phillips, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

This is a multi-defendant criminal case involving what has been characterized as a cigarette smuggling conspiracy. Defendant John R. Sills is charged in three counts of an eleven-count indictment with conspiracy to violate 18 U.S.C. § 1962(c) and with fraud and false statements in the making and subscribing of income tax returns for the calendar years 1971 and 1972. Sills is currently scheduled to be tried together with co-defendants Rocco Frumento and Andrew J. Millhouse, each of whom is charged in the conspiracy count and with identical tax violations.[1] Sills has filed a motion for severance pursuant to Fed.R.Crim.P.

14. For the reasons stated below, the motion will be denied.

■ As a general rule, defendants jointly indicted should be jointly tried. *United States v. Kulp*, 365 F.Supp. 747, 765 (E.D.Pa. 1973), *aff'd mem.*, 497 F.2d 921, 922 (3d Cir. 1974). Severance may be denied in the absence of a clear showing that a defendant will be so severely prejudiced by a joint trial that it will in effect deny him a fair trial. *United States v. Barber*, 296 F.Supp. 795, 797 (D.Del. 1969), *aff'd in part, rev'd in part on other grounds*, 442 F.2d 517 (3d Cir.), *cert. denied*, 404 U.S. 958, 92 S.Ct. 327, 30 L.Ed.2d 275 (1971).

■ Sills' principal argument in support of his motion for severance is that a joint trial will deprive him of the opportunity to call co-defendants Frumento and Millhouse in his behalf, thereby denying him the use of the exculpatory evidence which they could offer. It is true that an accused may not be required to take the stand at all in his own trial. *United States v. Housing Foundation of America*, 176 F.2d 665, 666 (3d Cir. 1949). To call a co-defendant to the stand at a joint trial and force him to claim his privilege against self-incrimination before the jury would infringe upon his Fifth Amendment rights. *United States v. Carella*, 411 F.2d 729, 731 (2d Cir.), *cert. denied*, 396 U.S. 860, 90 S.Ct. 131, 24 L.Ed.2d 112 (1969). A co-defendant may be called as a witness, however, at a separate trial for another person accused with him. *United States v. Arcuri*, 405 F.2d 691, 695 (2d Cir. 1968), *cert. denied*, 395 U.S. 913, 89 S.Ct. 1760, 23 L.Ed.2d 227 (1969); *United States v. Bronson*, 145 F.2d 939, 943 (2d Cir. 1944).

■ The fundamental flaw in this argument is that Sills cannot compel his

---

1. Co-defendant Vito N. Pisciotta was severed and tried separately on the same charges. The severance was granted in order to prevent any prejudice to other defendants from the Government's use as evidence against Pisciotta of two tape recordings of post-conspiracy conversations between Pisciotta and an unindicted co-conspirator which contain repeated references to Pisciotta's co-defendants. Pisci-

otta was found guilty on all counts by a jury on November 22, 1975.

The Government moved for co-defendant George Collitt's severance after it dropped the conspiracy count as to him, leaving only a count charging violation of the Hobbs Act, 18 U.S.C. § 1951, pending against him. He was tried separately and acquitted by a jury on this single charge on December 15, 1975.

co-defendants to testify even if a severance is granted. The constitutional right of a defendant not to testify at the behest of a co-defendant remains his right despite the severance of their trials. *United States v. Barber, supra,* 442 F.2d at 529 n. 22. Thus, a defendant seeking a severance in order to have the benefit of a co-defendant's testimony at trial must demonstrate to the court both the likelihood that such testimony will be forthcoming and the need for the testimony. Stated more precisely, he must first show that a co-defendant would testify voluntarily in his case if a severance were granted. Secondly, the defendant must provide facts as to the nature, extent and importance of the "exculpatory" testimony that would be offered by the co-defendant in a separate trial. *See United States v. Somers,* 496 F.2d 723, 731 (3d Cir.), *cert. denied,* 419 U.S. 832, 95 S.Ct. 56, 42 L.Ed.2d 58 (1974); *Byrd v. Wainwright,* 428 F.2d 1017 (5th Cir. 1970); *United States v. Crisona,* 271 F.Supp. 150, 154 (S.D.N.Y. 1967).

Applying these rules to the facts of the instant case, this Court does not believe that Sills has adequately satisfied either requirement. As to the first, at the most recent hearing on this motion, held on January 9, 1976, the strongest showing which Sills could make concerning the willingness of his co-defendants to testify in his case if a severance is granted was that, if they are tried prior to Sills, Frumento and Millhouse would "probably" testify as defense witnesses in Sills' subsequent trial. We do not consider that a sufficient showing on the facts of this case. We are not presented with a situation comparable to *United States v. Echeles,* 352 F.2d 892 (7th Cir. 1965), or *Byrd v. Wainwright, supra,* where co-defendants had previously made voluntary oral or written exculpatory statements concerning the movant which, at the same time, were contrary to their own penal interest.[2] Such prior statements give credence to the likelihood that a co-defendant will testify on behalf of the defendant claiming to need

---

**2.** In *United States v. Echeles, supra,* Echeles was counsel for defendant Arrington in a narcotics case. Arrington's defense was an alibi that he had been at a particular motel in a different city at the time of the alleged transaction and he produced a registration card from the motel to corroborate his story. On surrebuttal at his trial, Arrington admitted that the registration card was not authentic and testified that Echeles had nothing to do with falsifying the motel record. The following day, before the case went to the jury, Arrington entered a plea of guilty. At that time, he again stated that Echeles had nothing to do with the preparation of the false registration card or with the perjured testimony. At the time of his sentencing, Arrington again stated in open court that Echeles had had nothing to do with the false card or the perjured testimony. Subsequently, Echeles and Arrington were indicted for inducing and procuring false testimony and for conspiracy to commit these crimes. Echeles moved for a severance in order that he might call Arrington as a defense witness. The trial judge refused to grant a severance. On appeal, the court held that, having knowledge of Arrington's exculpatory "record testimony" and in light of its "obvious importance" to Echeles, it was error to deny the motion for a separate trial. 352 F.2d at 898.

In *Byrd v. Wainwright, supra,* Byrd was indicted in Florida state court for rape, along with six other defendants. The other six defendants confessed. Five confessions purportedly named everyone who was present at the commission of the crime. Only one of these five named Byrd. Another of the five affirmatively stated that Byrd was not present. The sixth confession implicated Byrd as an active participant in the crime. Subsequently, the six confessions were suppressed for failure to give *Miranda* warnings. Byrd moved for a severance in order to be able to call his co-defendants as witnesses. His attorney informed the trial court that the individual who had given the confession which incriminated Byrd told the attorney that there had been confusion in the taking of his confession and that Byrd had not been present at the rape scene. The trial judge was also informed that the other defendants had told Byrd's attorney that their testimony would be that Byrd was not with them on the date of the crime. The trial court refused to grant a severance. The Fifth Circuit affirmed the granting of Byrd's petition for a writ of habeas corpus, pointing out that the inconsistencies in the confessions raised strong doubts as to Byrd's guilt. Thus, the co-defendants' exculpatory statements would be of "obvious importance" to Byrd and only a separate trial would enable him to use them.

his testimony in a separate trial. In the present case, there are only the representations of the attorneys for the co-defendants that, under certain circumstances, their clients would be willing to testify for Sills. While this Court has no reason to doubt the trustworthiness of the representations of counsel, made as officers of the Court, we believe that, under these circumstances, something more is required to justify a severance. Where there is no evidence of the existence of a co-defendant's exculpatory statement made prior to the filing of a motion for severance,[3] this Court believes it must have a direct statement from the co-defendant, made under oath, either *in camera* or at an open hearing, that he would be willing to offer reasonably precise exculpatory evidence for the movant at a separate trial. Such a statement would not act as an absolute bar against the co-defendant if he subsequently decided not to testify, nor would it preclude counsel for the movant from later deciding not to offer the co-defendant's exculpatory evidence at trial. However, it would afford the Court with an opportunity to judge the credibility of the co-defendant's offer to testify. We believe that a court must be convinced of the genuineness of a co-defendant's claimed willingness to testify in a separate trial before the granting of a severance may be considered appropriate on this ground. No matter how exculpatory the substance of the proffered testimony may be, if the witness has no real intention of providing it at the crucial time, severance would be a time-consuming and needless waste of judicial resources.

Even if Frumento and Millhouse had testified personally before the Court as to their willingness to be witnesses at a separate Sills trial, the stated conditions precedent to that occurrence make it too speculative a possibility to justify a severance. First, according to their counsel, they will not testify for Sills unless they have already been tried. We recognize that it is within the discretion of this Court to determine the sequence in which co-defendants are tried if severed, *Byrd v. Wainwright, supra,* 428 F.2d at 1022, and that it would not be "egregious" to arrange the sequence so that Sills could take advantage of the testimony of Frumento and Millhouse. *United States v. Echeles, supra,* 352 F.2d at 898. However, Frumento and Millhouse have each filed their own motion for severance on this same ground and, of necessity, would also wish to be tried after their two co-defendants. It is readily apparent that everyone cannot be tried last. Unlike *Byrd v. Wainwright, supra* at 1022, there is no "one defendant with a unique interest in being tried later than the others" in this case, and this Court will not make an arbitrary decision to the advantage of any one defendant.

Apart from the question of the order of trials, the willingness of Frumento and Millhouse to testify for Sills is also conditioned upon whether their own trials end in acquittal or conviction. We think it is in no way a derogation of the presumption of innocence to recognize that it is not an indicator of the odds of acquittal. While Frumento and Millhouse are presumed innocent, this Court may properly recognize that the possibility of their future conviction is a separate question which, at this time, injects an unacceptable degree of speculativeness into the likelihood of their testify-

---

**3.** Counsel for Sills has stated to the Court that at an interview in his office with Frumento approximately one month after the indictment, at which time Frumento was not represented by counsel, Frumento denied his involvement in any of the criminal activity alleged to have taken place by the main Government witness, unindicted co-conspirator Harold Sharp. If true, this would exculpate Sills to the extent that his criminal conduct was directly related to that alleged against Frumento. However, for reasons set forth *infra*, the Court does not consider this statement the equivalent of the prior exculpatory statements given by co-defendants in *United States v. Echeles, supra,* and *Byrd v. Wainwright, supra.* Accordingly, we do not consider the requirement of a direct statement to the Court by the co-defendants obviated in this case.

ing at a severed trial for Sills. Recognition of this dichotomy between the presumption of innocence and the possibility of conviction is the reason why an individual may be subject to some differing treatment due to his or her status as an accused. *Cf. United States v. Lewis*, 472 F.2d 252, 256 n. 4 (3d Cir. 1973).

There is too much uncertainty inherent in the conditions set forth as prerequisites to the testimony of Frumento and Millhouse to grant a severance on this ground. This Court will not grant a severance "where the possibility of the co-defendant's testifying is merely colorable or there is no showing that it is anything more than a gleam of possibility in the defendant's eye." *Byrd v. Wainwright, supra* at 1022.

Assuming, *arguendo*, that the Court felt properly assured that Frumento and Millhouse would testify at a severed trial for Sills, it has still not been satisfactorily demonstrated that their testimony would in fact be significant enough to warrant separate trials and to render a joint trial unfair, particularly in light of the complicated nature of the charges and proof and the protracted additional trials that would be required. *United States v. Crisona, supra*, 271 F.Supp. at 154. Demonstrating the significance of the claimed exculpatory evidence is the second of the two requirements previously mentioned which must be met by one seeking a severance in order to be able to offer a co-defendant's testimony. This showing may be alternatively stated in terms of the extent of potential prejudice to a defendant if that defendant is tried without the opportunity to elicit the co-defendant's testimony. *Byrd v. Wainwright, supra* at 1020.

At the hearing on January 9, 1976, it was determined that the exculpatory evidence in this case would take the form of a general denial by both Frumento and Millhouse of any participation in the criminal activity about which unindicted co-conspirator Harold Sharp is expected to testify. The substantive value of this proposed evidentiary offer is virtually indistinguishable from that of the entry of a plea of not guilty to the indictment by the co-defendants. It is an unacceptable proposition that a severance is warranted in every multi-defendant trial where all of the co-defendants plead not guilty. Under the circumstances of this case, the proffered testimony is an equally unacceptable basis for a severance.

First, in light of the not guilty pleas of Frumento and Millhouse, the proposed testimony is purely cumulative and of negligible weight or probative value. As the court stated in *Byrd v. Wainwright, supra*, 428 F.2d at 1021:

> The requirement is not a trial which guarantees the defendant every item of evidence he would like to offer but one which meets constitutional standards of due process.

Secondly, in the absence of a prior statement made under circumstances where there had been no motive to offer it for the purpose of obtaining a severance, as in *United States v. Echeles, supra*, and *Byrd v. Wainwright, supra*, this Court believes that a general denial of guilt by a co-defendant is neither sufficiently important to serve as the basis for the granting of a severance nor to presume prejudice to a defendant due to his inability to offer it.

The other contentions pressed by Sills require no extended discussion. The argument that the credibility of his co-defendants' testimony would be subject to less doubt at a separate trial because of their lack of interest in its outcome is without merit. The only situation in which a significant effect on credibility might be perceived is where the co-defendants are tried first and acquitted. However, in light of the competing interest in judicial economy, this argument is too speculative and of insufficient potential for prejudice to warrant a severance. *See United States v. Montague*, 326 F.Supp. 911, 913 (N.D.Miss. 1970).

■ Sills' argument that a joint trial will deny him unfettered control over the defense of the charges also lacks persuasive force. The Court does not believe that the possibility of antagonistic

and inconsistent defenses is so great here as to warrant a severance. *See United States v. Harris*, 368 F.Supp. 697, 705 (E.D.Pa. 1973), *aff'd*, 498 F.2d 1164 (3d Cir.), *cert. denied*, 419 U.S. 1069, 95 S.Ct. 655, 42 L.Ed.2d 665 (1974). Moreover, Sills does not state in what way the trial strategy, cross-examination and presentation of evidence by his co-defendants might interfere with the orderly presentation of his case at a joint trial. Sills will have an equal right to cross-examination of the Government's witnesses and an equal opportunity to make objections and present motions to the Court. We perceive no potential unfairness in a joint trial on this ground. *See United States v. Montague, supra* at 913.

Finally, the possibility of "guilt by association" which exists in a joint trial does not afford a ground for severance. *United States v. Barber, supra*, 296 F.Supp. at 798.

This Court recognizes its continuing duty at all stages of the trial to grant a severance if prejudice appears, *Schaffer v. United States*, 362 U.S. 511, 516, 80 S.Ct. 945, 948, 4 L.Ed.2d 921, 925 (1960), and that future events may create sufficient basis for granting the motion. Therefore, while the motion for severance will be denied at this stage of the proceedings, the right to renew such motion remains if prejudice from a joint trial appears at a later date.

An appropriate Order will be entered.