UNITED STATES of America,
Plaintiff-Appellee,

v.

Belinda KNOWLES, Burl Malone a/k/a
B. B. Moore and Debra Taylor,
Defendants-Appellants.

Nos. 76–1723, 76–1724 and 76–1725.

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Sept. 26, 1977.

Decided March 15, 1978.

Rehearing Denied April 19, 1978.

Ronald G. Pretty, Cheyenne, Wyo. (Louis A. Mankus, Cheyenne, Wyo., on the brief), for defendants-appellants.

Frederic C. Reed, Cheyenne, Wyo. (James P. Castberg, U. S. Atty., Tosh Suyematsu, Jerome F. Statkus, Asst. U. S. Attys., Cheyenne, Wyo., on the brief), for plaintiff-appellee.

Before SETH and DOYLE, Circuit Judges, and STANLEY, Senior District Judge.*

STANLEY, Senior District Judge.

The appellants, together with George Page (not a party to this appeal) were convicted in the District Court for the District of Wyoming of conspiracy to distribute heroin in violation of 21 U.S.C.A. § 846.

Evidence at the trial was to the effect that Jeffery Cranmer, a Sweetwater, Wyoming city-county police officer, negotiated with Page at Rock Springs, Wyoming, for the purchase of two ounces of heroin at the agreed price of $1800. Page telephoned Malone in Salt Lake City and then arranged to meet Cranmer the next day at a Rock Springs motel. After Cranmer had enlisted the aid of federal and state narcotics officers he met Page at the motel accompanied by Richard Davis, a confidential informant, and by Kent Florence, an agent of the Federal Drug Enforcement Administration. Florence was introduced as Cranmer's cousin. Belinda Knowles was present and examined the credentials of the officers and suggested plans for the delivery of the heroin to them. After some discussion and a telephone call by Page to the same number in Salt Lake City that he had called the previous day, Florence satisfied Page and Knowles of his ability to pay by producing $1800 in currency. Page having represented that he had encountered some difficulty with his source of supply, it was arranged that the exchange of the money for the heroin should be made at the Rock Springs City Market parking lot. All left for the rendezvous.

On arrival at the lot Page left on foot, returning in about twenty minutes with the message that his source did not want to make a personal appearance but that "his lady" would come and that she "had your stuff". A Buick Riviera, Debra Taylor driving, then arrived and Taylor showed Cranmer two plastic-wrapped packages. As he leaned into the Buick to smell the packages Florence, believing that Cranmer had given the pre-arranged signal to make an arrest, drew his revolver. Knowles yelled "It's a bust, Page" and left the scene. Taylor threw the packages on the front seat of the Buick and drove rapidly away, striking a building and damaging a headlight. The two wrapped packages were not again seen by the officers. Taylor testified that they had contained only baking soda and had been thrown out of the Buick by Malone.

Page was arrested at the scene and, after having been advised of his constitutional rights, told the officers that the driver of the Buick was Debra Taylor and that Burl Malone was involved in the transaction. Soon thereafter the Buick was located at a truck stop where the headlight was being repaired. Taylor and Malone were arrested

* Of the District of Kansas, sitting by designation.

at the truck stop. Two containers of lactose, one showing on analysis a trace of heroin, were found in the trunk of the Buick.

Knowles, after a telephone call from Page, surrendered to authorities.

The appellants contended at the trial and argue here that the series of events disclosed by the evidence established only a "ripoff"—actually two "ripoffs". Page testified that he had never intended to deliver heroin to Florence but had enlisted the aid of Malone and Taylor in a scheme whereby he would obtain the agreed purchase price without the delivery of heroin. Debra Taylor's testimony was that she and Malone intended to deprive Page of any part of the fruits of their joint effort and to appropriate the entire $1800. The appellants, asserting that since direct evidence that any of them possessed heroin or ever intended to deliver heroin to Cranmer was lacking they are guilty only of conspiring to defraud Cranmer. Their position is weakened by the necessity that, for its adoption, the testimony of Page and Taylor must be accepted as true. The jury was at liberty to accept their testimony but were also at liberty to consider it together with all of the other evidence in the case. Obviously the jury did not believe the appellants' explanation of their actions and intentions.

The trial court instructed the jury that the appellants were charged with conspiracy to distribute heroin—not with the actual disposition or sale of the substance; that the Government was required to prove each element of the offense of conspiracy, defining the elements; and that proof of actual possession or actual delivery of heroin was not required. Specifically the jurors were told that they

must find beyond a reasonable doubt that on or about April 13, 1976 in Rock Springs, Wyoming the defendants Burl Malone, George Page, Debra Taylor and Belinda Knowles did jointly appear for the purpose of delivering heroin to undercover Government agents and that the defendants above named, in effecting the scheme of delivery, did approach Government agents for the purpose of delivering heroin to said agents.

If you further find beyond a reasonable doubt that the defendant Debra Taylor was in the act of delivering a substance represented by her to be heroin, when she determined not to proceed therewith and instead fled from the scene in possession of the substance, then you may consider this evidence as circumstances to be considered together with all the other evidence, facts and circumstances in the case in determining whether the alleged crime of conspiracy to deliver a controlled substance actually occurred.

■ The trial court's instruction properly stated the law. The evidence of the appellants' statements and actions, of the circumstances surrounding their meeting at the parking lot, and of their subsequent behavior, was sufficient to support the finding, inherent in the verdict, that the packages brought to the lot and thrown away by Malone when the scheme aborted did contain heroin. There was ample evidence that the appellants, all of them, did as charged agree to deliver those packages to Cranmer and that all of them participated actively in an attempt to complete the delivery.

■ The appellants were charged, not with the distribution of heroin, but with conspiracy to distribute it. All that is required under 21 U.S.C.A. § 846 is an agreement between two or more persons to commit any offense under the Controlled Substances Act, in this case 21 U.S.C.A. § 841(a)(1). *United States v. Cortwright*, 528 F.2d 168 (7th Cir. 1975). It is not necessary in order for the Government to prove its case of conspiracy to violate the Controlled Substances Act that there be proof of actual dealings in a controlled substance. *United States v. Agueci*, 310 F.2d 817 (2d Cir. 1962); *United States v. Nuccio*, 373 F.2d 168 (2d Cir. 1967), *cert. denied*, 392 U.S. 930, 88 S.Ct. 2285, 20 L.Ed.2d 1388.

■ Belinda Knowles was charged by information, her co-defendants jointly by indictment. The two cases were consolidated

for trial and a motion for separate trials was denied. The appellants Taylor and Knowles assert that they were prejudiced by the ruling because of "the terrible records of [their] male co-defendants", exposing them to the likelihood that the jury would believe them guilty by association. The decision of the trial court to consolidate the cases for trial under Rule 13, Fed.R. Crim.P., or to deny separate trials under Rule 14 will not be disturbed on appeal in the absence of a showing of abuse of discretion. *United States v. Eaton*, 485 F.2d 102 (10th Cir. 1973); *United States v. Rodgers*, 419 F.2d 1315 (10th Cir. 1969); *United States v. Haygood*, 502 F.2d 166 (7th Cir. 1974), *cert. denied*, 419 U.S. 1114, 95 S.Ct. 791, 42 L.Ed.2d 812. The unsavory reputation of one's co-defendants is not, per se, a ground for severance of defendants for trial. *United States v. Myers*, 406 F.2d 746 (4th Cir. 1969); *United States v. Montague*, 326 F.Supp. 911 (D.Miss.1970). To establish abuse of discretion more is required than that separate trials might have offered a better chance for acquittal of one or more of the accused. *United States v. Edwards*, 488 F.2d 1154 (5th Cir. 1974).

■ The containers found in the trunk of the car, lawfully seized under a search warrant legally issued and executed, were admitted in evidence over the objection of the appellants. Evidence that lactose is a substance frequently used to "cut" heroin; its possession by Taylor and Malone at the time of their arrest; and the presence of traces of heroin were circumstances having an unquestioned relationship to the crime charged. This evidence was relevant under Rule 404(b), Federal Rules of Evidence. Its probative value was not outweighed by the danger of unfair prejudice. *United States v. Leaphart*, 513 F.2d 747 (10th Cir. 1975); *United States v. Bermudez*, 526 F.2d 89 (2d Cir. 1975), *cert. denied*, 425 U.S. 970, 96 S.Ct. 2166, 48 L.Ed.2d 793. Any possibility that the jury might have been misled within the meaning of Evidence Rule 403 was dissipated by the trial court's instruction that

These two exhibits in the bottle, the defendants are not charged with possession or transportation or distribution of this particular heroin. I think the chemical analysis showed a slight amount of heroin in there. They are not charged with that. I am admitting these exhibits as circumstantial evidence, which you may consider together with all the other facts and circumstances in this case.

We have carefully considered all of the other grounds advanced by the appellants and find them to be without merit.

The judgment of conviction is affirmed.