## UNITED STATES of America

### v.

### Earl STOUT and Peter J. Serubo.

### Crim. No. 80–00110.

United States District Court,
E. D. Pennsylvania.

Sept. 30, 1980.

Peter F. Vaira, U. S. Atty., Peter J. Smith, Luther E. Weaver, III, Asst. U. S. Attys., Philadelphia, Pa., for plaintiff.

Harvey A. Sernovitz, Philadelphia, Pa., for Serubo.

Richard A. Sprague and Robert E. Madden, Philadelphia, Pa., for Stout.

## MEMORANDUM

JOSEPH S. LORD, III, Chief Judge.

### I. INTRODUCTION

Defendant Stout has moved for a severance from his co–defendant, Serubo. Stout has also moved that Serubo be granted judicially fashioned use immunity. Stout argues that he will otherwise be unable to call his co–defendant, Serubo, to testify on his behalf. Because resolution of the former request turns, in part, upon resolution of the latter, see infra, I will treat these motions in one memorandum.

Ordinarily, even though the fifth amendment may be implicated, jointly indicted defendants should be jointly tried.

---

United States v. Kozell, 468 F.Supp. 746 (E.D.Pa.1979). A severance will only be granted if the defendant clearly establishes that he "will be so severely prejudiced by a joint trial that it will in effect deny him a fair trial." United States v. Frumento, 409 F.Supp. 143 (E.D.Pa.1976). See also United States v. Panetta, 436 F.Supp. 114 (E.D.Pa. 1977). There are four factors to be considered in deciding severance motions: "(1) the likelihood of co–defendant's testifying; (2) the degree to which such testimony would be exculpatory; (3) the degree to which the testifying co–defendants could be impeached; (4) judicial economy." United States v. Boscia, 573 F.2d 827 (3d Cir.), cert. denied, 436 U.S. 911, 98 S.Ct. 2248, 56 L.Ed.2d 411 (1978). See also United States v. Rosa, 560 F.2d 149 (3d Cir.) (en banc), cert. denied, 434 U.S. 862, 98 S.Ct. 191, 54 L.Ed.2d 135 (1977); Kozell, supra.

## II. ANALYSIS OF THE BOSCIA FACTORS

### (A) The likelihood of co–defendant's testifying

Stout concedes that Serubo would refuse to testify even if a severance is granted, for Serubo would be just as likely to assert his fifth amendment privilege against self–incrimination when called as a witness at Stout's trial, as he would if both defendants were tried jointly. But, defendant argues, under the instant facts, Government of Virgin Islands v. Smith, 615 F.2d 964 (3d Cir. 1980) compels the grant of judicially fashioned use immunity to Serubo so that Serubo will have no alternative but to testify at Stout's severed trial. Defendant will thereby have demonstrated the "likelihood of [the] co–defendant's testifying," fulfilling the first criterion for severance.

Smith recognized that a judicial grant of immunity "must be clearly limited." 615 F.2d at 972. For that reason, the court listed five conditions which the movant must satisfy before such immunity will be granted: "immunity must be properly sought in the district court; the defense witness must be available to testify; the proffered testimony must be clearly excul-

patory; the testimony must be essential; and there must be no strong governmental interests which countervail against a grant of immunity." Id. The burden of meeting these five conditions rests upon the defendant; however, this burden can be successfully discharged if defendant makes a "convincing showing" that they are satisfied. United States v. Shober, 489 F.Supp. 412, 416 (E.D.Pa.1980).

■ The Government concedes that the first two requirements have been met. But it vigorously argues that defendant has not met the final three. In support of conditions three and four (that the proffered testimony is exculpatory and essential), defendant included in his motion eight statements which he alleges co–defendant Serubo would make if he were to testify. These eight statements constitute broad denials of the critical allegations of the indictment. For example, defendant states that Serubo would deny that the two defendants jointly devised a scheme or plan to defraud anyone. Such a conclusory proffer is insufficient, and I therefore conclude that defendant has not successfully met prongs three and four of Smith. In Kozell, supra, defendant Kozell similarly attempted to demonstrate that his co–defendant's (Keller) testimony would be exculpatory. To support this allegation, Kozell provided to the court unsworn representations of the two attorneys for Kozell and Keller; both representations asserted that Keller's testimony would exculpate Kozell. Judge Bechtle found such a proffer to be inadequate. Stout has made an even weaker showing than Kozell, for his motion exclusively relies on the unsworn declarations of his counsel; neither Stout nor Serubo nor even Serubo's counsel has made any representations as to the nature of Serubo's exculpatory testimony. Indeed, Shober, supra, stated that "proofs through communications from counsel, inhibited and strained as they necessarily must be by the attorney–client privilege which is so important to our criminal justice system" are not acceptable. Id. at 416. Although a defendant need not demonstrate the nature of his co–defendant's testimony through sworn

testimony, *Kozell,* 468 F.Supp. at 749, at a minimum, a defendant must base his showing on a statement of his co–defendant. Such a statement may have been made before there was a motive to offer it either for the purpose of obtaining a severance, *Frumento,* 409 F.Supp. at 147, or for the purpose of obtaining judicially granted immunity, *cf. Smith, supra* (exculpatory statement by defense witness to police). Alternatively, such a statement may be sufficient if its veracity can be tested, *see United States v. DePalma,* 466 F.Supp. 920 (S.D. N.Y.1979) (co–defendant submitted affidavit setting forth his proposed exculpatory testimony and he also testified in court that the affidavit was based on personal knowledge). Because defendant bases his showing on the mere conclusory representations of counsel, I hold that tests three and four of *Smith* have not been satisfied.

It is not necessary to discuss the fifth element of the *Smith* test (whether there are strong countervailing governmental interests), for it should be considered only if defendant satisfies his "threshold burden" of demonstrating the clearly exculpatory and essential nature of the proffered testimony. *Smith,* 615 F.2d at 972–73. I will therefore deny defendant's motion for a grant of judicially fashioned immunity. Moreover, defendant's failure to satisfy the *Smith* test concomitantly precludes him from successfully demonstrating that his co–defendant would testify. Ergo, defendant has failed to satisfy the first *Boscia* factor.

### (B) *The degree to which such testimony would be exculpatory*

Defendant has not satisfied the second *Boscia* factor. *See* discussion, *supra.*

### (C) *The degree to which the testifying co–defendant would be impeached*

In light of my conclusion that Serubo's testimony would not be exculpatory, there is no need to discuss his possible impeachment. Obviously, the Government would have no desire to impeach a non–exculpatory witness.

### (D) *Judicial economy*

Separate trials in a case as lengthy and complex as the present case would be quite costly in terms of judicial resources. Nevertheless, "no defendant should ever be deprived of a fair trial because it is easier or more economical for the government to try several defendants in one trial rather than in protracted multiple trials." *Boscia,* 573 F.2d at 833. *See also Kozell, supra.* However, if there is "reasonable assurance," *Kozell,* 468 F.Supp. at 750, that the co–defendants will be given a fair trial, considerations of judicial economy are relevant. *Boscia, supra.* It follows that if defendant otherwise falls short under the first three *Boscia* factors, consideration of countervailing governmental interests is unnecessary. In this case, defendant has indeed failed to make the requisite *Boscia* showing. There is no need, then, to balance the governmental interest in having one trial.

### III.  CONCLUSION

I conclude that defendant, at this time, has not met his *Boscia* burden. However, in the future defendant may be able to make a more successful representation as to the nature of Serubo's exculpatory testimony. Defendant Stout's motion for a severance and for a grant of judicially fashioned use immunity to Serubo is therefore denied without prejudice.