35 F.3d 574
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
William D. GWALTNEY, Defendant-Appellant.
 No. 94-1046.
 United States Court of Appeals, Tenth Circuit.
 Aug. 17, 1994.
 
 Before MOORE, ANDERSON, and KELLY, Circuit Judges.
 ORDER AND JUDGMENT*
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 In this appeal, William A. Gwaltney claims error in the district court's denial of his motion for relief from prejudicial joinder, Fed.R.Crim.P. 14, and refusal to accept his alteration of a jury instruction to assure the jury understood the parameters of reasonable doubt. Finding no merit in either contention, we affirm.
 
 
 2
 The basis for defendant's Rule 14 motion is his characterization of the offenses and persons involved in the indictment. Under his view, both the hiatus in time and the unrelatedness of the two transactions, only one of which served to convict him for knowingly and intentionally distributing or aiding and abetting in the distribution of methamphetamine, mandated his severance under Fed.R.Crim.P. 8(b) from codefendant's trial. The district court disagreed, finding common witnesses, a common investigation, and some common Fed.R.Evid. 404(b),[1] to support the exercise of its discretion. To ameliorate any possible disadvantage precipitated by the order, the district court permitted defendants' attorneys to exercise six peremptory challenges respectively. This reasoning notwithstanding, defendant maintains the court abused its discretion resulting in real prejudice to him, citing United States v. Gimelstob, 475 F.2d 157 (3d Cir.), cert. denied, 414 U.S. 828 (1973).
 
 
 3
 The latitude for our agreeing the court abused its discretion in denying defendant's motion is narrow. United States v. Jones, 707 F.2d 1169, 1171 (10th Cir.), cert. denied, 464 U.S. 859 (1983). "A decision to deny separate trials under Rule 14 will not be disturbed on appeal in the absence of an abuse of discretion. Id. ( quoting United States v. Eaton, 485 F.2d 102 (10th Cir.1973)). "To establish abuse of discretion more is required than that separate trials might have offered a better chance for acquittal of one or more of the accused." United States v. Knowles, 572 F.2d 267, 270 (10th Cir.1978). The extra burden prescribed by Knowles is defendant's showing he faces "the actual or threatened deprivation" of his individual right to a fair trial. Jones, 707 F.2d at 1171.
 
 
 4
 Defendant has failed to meet his burden. His citation of a discrete portion of the record overlooks the evidence in the entire record and ignores the limiting instructions given to direct the jury's consideration of testimony as to each defendant. The district court did not abuse its discretion in denying the motion.
 
 
 5
 Similarly, the court's refusal to include defendant's proffered language in its instruction to the jury on reasonable doubt was not error. Even if defendant had contemporaneously objected or offered his own instruction, we conclude the instructions read as a whole correctly stated the law. Defendant's contrary contention, particularly in the face of his failure to preserve his objection, is without merit.
 
 
 6
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 The district court later denied the government's use of the 404(b) evidence on the ground defendant did not have proper notice