59 F.3d 179
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Martin TROWERY, Petitioner-Appellant,
v.
William PERRILL, Warden, Fci Englewood; United States
Parole Commission, Respondents-Appellees.
 No. 95-1064.
 United States Court of Appeals, Tenth Circuit.
 July 5, 1995.
 
 Before SEYMOUR, Chief Judge, MCKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 SEYMOUR
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Martin Trowery brought this action for habeas corpus relief under 28 U.S.C. 2241, alleging that the U.S. Parole Commission improperly calculated his offense severity rating in setting his parole date. The district court dismissed the petition. Mr. Trowery appeals and we affirm.
 
 
 3
 After several prior drug convictions, Mr. Trowery was convicted in 1987 of conspiracy to possess heroin with intent to distribute, and of using a communication facility to facilitate a drug transaction. The conspiracy conviction was based on evidence that while Mr. Trowery was still in prison on a drug conviction, he began arrangements to acquire four kilos of heroin from a confidential informant who was acting on instructions from the Drug Enforcement Agency (DEA). The informant in turn dealt with other coconspirators who planned to smuggle heroin into the United States from Pakistan and sell it in bulk to purchasers such as Mr. Trowery. Prior to Mr. Trowery's involvement in the conspiracy, the informant was offered two samples of the heroin which was available from Pakistan. These samples were later tested by the DEA and determined to be 27% pure heroin. The DEA ultimately decided to conduct a reverse operation in which the informant would deliver four kilos of "sham" heroin consisting of a cutting agent salted with four grams of pure heroin. Mr. Trowery was arrested before receiving any heroin from the informant.
 
 
 4
 Our review of a decision by the Parole Commission is narrow. Misasi v. United States Parole Comm'n, 835 F.2d 754, 758 (10th Cir.1987). Such a decision will "not be reversed by the courts unless it is arbitrary or capricious and an abuse of discretion." Id. When the Commission's decision rests on factual determinations, those determinations will be sustained if they have " 'a rational basis in the record.' " Id. (quoting Solomon v. Elsea, 676 F.2d 282, 290 (7th Cir.1982)).
 
 
 5
 The factual determination at issue in this appeal is the amount of heroin involved in Mr. Trowery's offense, which is the basis under the applicable regulations for setting his offense severity rating. The regulations governing offenses involving heroin are found at 28 C.F.R. 2.20 Ch. 9, subch. A. They establish a category eight for those distributions or possessions with intent[2] involving three kilograms or more of pure heroin, id. 901(a), or six or more kilograms of heroin of unknown purity, id. Ch. 9, note (4). Category seven includes offenses involving one kilogram but less than three kilos of pure heroin, id. 901(b), or two to less than six kilos of unknown purity, id., Ch. 9, note 4. Offenses involving less than five grams of pure heroin are graded as category four. Id. 901(g).
 
 
 6
 The Prehearing Assessment prepared prior to the parole hearing arrived at category eight by relying on the fact that Mr. Trowery was involved in a conspiracy to distribute from 50-300 kilos of heroin. See id. 901(a). The hearing panel departed from this assessment and concluded that the information in the presentence report, upon which the parole determination was based, established that Mr. Trowery was only involved in four kilograms of unknown purity. Accordingly, the panel graded his offense behavior as category seven. See id. Ch. 9, note 4. On appeal, the Commission agreed with the panel that Mr. Trowery had conspired to possess four kilos of heroin. However, the Commission determined that, rather than being of unknown purity, these four kilos were represented to be of the same quality as the samples, that is, 27% pure.[3] Accordingly, the Commission concluded that Mr. Trowery had conspired to possess 1080 grams of pure heroin, a category seven offense. See id. 901(b). The Commission nonetheless advanced his parole date by two years because the 1080 gram amount was near the threshold amount for a category seven offense, while the four kilo amount of unknown purity used by the panel was at the midpoint.
 
 
 7
 In this proceeding, Mr. Trowery contends that the conspiracy for which he was responsible involved four kilos of cutting agent salted with four grams of cocaine and that his offense severity should therefore have been a category four. See id. 901(g). We disagree. The essence of the crime of conspiracy is the agreement to undertake illegal drug activity. United States v. Knowles, 572 F.2d 267, 269 (10th Cir.1978). Because the crime is complete upon the agreement, proof of actual dealings in the illegal drug is not necessary. Id. Here, the evidence clearly supports the Commission's determination that Mr. Trowery conspired to acquire four kilos of heroin with a purity of 27%. It is equally clear that Mr. Trowery did not agree to pay $80,000 per kilo for cutting agent salted with a minute amount of heroin. Accordingly, the Commission properly based the offense severity category on the amount of drug that Mr. Trowery agreed to purchase. See United States v. Cruz, 1995 WL 365144, * 4 (10th Cir. June 20, 1995). The fact that he did not actually complete the agreement before his arrest is irrelevant under the circumstances.
 
 
 8
 The order of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The regulations provide that conspiracy is to be graded in the same category as the underlying offense. See 28 C.F.R. 2.20, Ch. 1, 101
 
 
 [3]
 Mr. Trowery points out that the samples were offered to the informant by the original supplier prior to the time he joined the conspiracy. The regulations provide that a prisoner will only be held accountable for the acts of coconspirators committed subsequent to the date the prisoner joined the conspiracy. See 28 C.F.R. 2.20, Ch. 13, subch. A, note 4. Nonetheless Mr. Trowery himself agreed to purchase the heroin believing that it was 27% pure. The fact that the purity had been ascertained before he joined the conspiracy is thus irrelevant