FILED
United States Court of Appeals
Tenth Circuit

January 15, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOEL DELOERA-ESCALERA, a/k/a
Roberto, a/k/a Joel Deloera, a/k/a Luis
Perez-Hernandez,

    Defendant - Appellant.

No. 14-5143
(D.C. No. 4:13-CR-00229-CVE-2)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Joel Deloera-Escalera appeals multiple convictions arising from law

enforcement's search of his duplex. Deloera-Escalera challenges the district court's

denial of his motion to consolidate two cases filed against him, one charging illegal

reentry and the other asserting multiple drug-related charges. He also challenges the

denial of his motion to suppress the evidence discovered in a search of his home that

led to the charges in the second case. Finding no reversible error, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value. *See* Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

## BACKGROUND

Based on information he received from confidential informants, Oklahoma Bureau of Narcotics Agent John Morrison applied for a warrant to search an alleged stash house in Tulsa. In the heading of his supporting affidavit, Morrison listed 1515 South 67th East Avenue in bold, underlined type. He then referred to that address in six locations in the body of his affidavit. But he also made a single reference to 1515 North 67th East Avenue.

Similarly, the resulting search warrant listed the address to be searched as 1515 North 67th East Avenue. But it otherwise accurately described 1515 South 67th East Avenue:

> The residence is a duplex located south of 15th Street on 67th East Avenue. It is on the east side of 67th East Avenue and faces west towards the street. The residence is a single story, multi-family duplex. The duplex is connected to another duplex just to the south of it. The structure is a combination of wood and brick. The wood is green in color and the brick is tan. The residence has shingles that are black in color.

R. Vol. II at 22.

Before the search, Morrison and Tulsa Police Department Officer W.R. Mackenzie observed the residence at 1515 South 67th East Avenue. And on the day they executed the search, Morrison told TPD officers that the subject house was on South 67th East Avenue. He also gave them a copy of the affidavit, a copy of the search warrant, and photographs of 1515 South 67th East Avenue. Mackenzie and other TPD officers then executed the search

2

warrant at 1515 South 67th East Avenue. There, they found and arrested Joel Deloera-Escalera after discovering methamphetamine and firearms.

A grand jury subsequently indicted Deloera-Escalera in Case No. 13-CR-212-JED for illegally reentering the United States. That case was assigned to U.S. District Judge John Dowdell. Less than a month later, in Case No. 13-CR-229-CVE, a second indictment charged Deloera-Escalera with participating in a drug conspiracy, maintaining a drug-involved premise, and possession of a firearm by an alien illegally or unlawfully in the United States. Case No. 13-CR-229-CVE was assigned to U.S. District Judge Claire Eagan.

In response, Deloera-Escalera moved to consolidate all four of the charges into Case No. 13-CR-212-JED, arguing, "[T]he two cases give the appearance of forum shopping on the part of the government, and could also give the appearance of impropriety in the judicial process to the general public." R. Vol. I at 27. Judge Eagan denied the motion, in part because she concluded the "cases involve[d] separate and unrelated crimes." R. Vol. I at 30. But later, on the government's motion, Judge Dowdell dismissed the indictment for illegal reentry in Case No. 13-CR-212-JED. The government filed a superseding indictment that added Deloera-Escalera's illegal reentry charge to Case No. 13-CR-229-CVE.

Meanwhile, Deloera-Escalera filed a motion to suppress, arguing that the inconsistent addresses in the warrant and affidavit rendered the warrant facially invalid. Judge Eagan denied the motion, concluding the warrant adequately described 1515 South 67th East Avenue with particularity despite the incorrect address.

3

A jury found Deloera-Escalera guilty of all four charges, and the district court sentenced him to 135 months. Deloera-Escalera appeals.

## DISCUSSION

Deloera-Escalera first challenges the district court's denial of his motion to consolidate. The district court denied Deloera-Escalera's motion to consolidate because the cases involved "separate and unrelated crimes." R. Vol. I at 30. On appeal, Deloera-Escalera doesn't challenge that conclusion. Instead, he merely cites the importance of preventing forum shopping and avoiding the appearance of impropriety, and insists the district court erred in refusing to consolidate the cases.

A district court may consolidate cases if all the offenses charged "could have been joined in a single indictment." Fed. R. Crim. P. 13. A single indictment, in turn, may charge multiple offenses only if those offenses "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).

Whether offenses may be joined under Rule 8(a) is a question of law that we review de novo. *United States v. Bagby*, 696 F.3d 1074, 1086 (10th Cir. 2012). But we review a court's refusal to consolidate cases under Rule 13 for abuse of discretion. *See United States v. Knowles*, 572 F.2d 267, 270 (10th Cir. 1978) ("The decision of the trial court to consolidate the cases for trial under Rule 13 . . . will not be disturbed on appeal in the absence of a showing of abuse of discretion.").

Deloera-Escalera makes no effort to establish the charged crimes could have been joined under Rule 8(a)—a preliminary requirement for consolidation under Rule

4

13. *See* Fed. R. Crim. P. 13 (explaining district court may order that separate cases be tried together *if* all offenses could have been joined in single indictment); *United States v. Van Scoy*, 482 F.2d 347, 349 (10th Cir. 1973) (explaining that because offenses were "sufficiently connected together for joinder under Rule 8(a)," they were also "subject to consolidation" under Rule 13). Therefore, we find no abuse of discretion in the district court's refusal to consolidate the cases under Rule 13, and we affirm the district court's denial of Deloera-Escalera's motion to consolidate.

Deloera-Escalera next challenges the denial of his motion to suppress, arguing the district court erred in rejecting his argument that the inconsistent addresses in the warrant and affidavit rendered the warrant facially invalid. Specifically, he contends that as a result of the incorrect addresses, the warrant didn't describe the place to be searched with particularity and the resulting search was unconstitutional.

In reviewing the denial of a motion to suppress, we accept the district court's factual findings unless they are clearly erroneous and view the evidence in the light most favorable to the government. *See United States v. Padilla-Esparza*, 798 F.3d 993, 998 (10th Cir. 2015). We review the district court's determination of reasonableness under the Fourth Amendment de novo. *Id.*

We apply a two-prong test to determine whether a warrant adequately describes the location to be searched, asking (1) "whether the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort" and (2) "whether there is any reasonable probability that another premise might be mistakenly searched." *United States v. Garcia*, 707 F.3d 1190, 1197 (10th

5

Cir. 2013) (quoting *United States v. Lora-Solano*, 330 F.3d 1288, 1293 (10th Cir. 2003)). Practical accuracy, not technical precision, determines whether a search warrant adequately describes the premises to be searched. *Id*. Thus, "[a] technically wrong address does not invalidate a warrant if it otherwise describes the premises with sufficient particularity so that the police can ascertain and identify the place to be searched." *Lora-Solano*, 330 F.3d at 1293. If there is a discrepancy, the executing officer may seek clarification in an attached affidavit. *See United States v. Occhipinti*, 998 F.2d 791, 799 (10th Cir. 1993).

Here, the warrant's description clearly enabled the executing officers to locate and identify the premises with reasonable effort. *See Garcia*, 707 F.3d at 1197. The warrant described the residence in detail, including, critically, its location south of 15th Street. It also described the residence—its orientation, its composition, and its colors—with sufficient particularity to allow police to identify the place to be searched. And the attached affidavit clarified any discrepancy by identifying the address as 1515 South 67th East Avenue in bold, underlined type. *See Occhipinti*, 998 F.2d at 799 (concluding correct address in attached application clarified incorrect address in warrant). Finally, Mackenzie's prior observation of and familiarity with 1515 South 67th East Avenue bolstered the adequacy of the warrant's description. *See id.* (concluding court can consider executing officer's knowledge to determine if search warrant's description is adequate); *United States v. Sturmoski*, 971 F.2d 452, 458 (10th Cir. 1992) (noting that presence of officer familiar with premises "provided additional reliability that the correct premises would be searched").

6

Nor do we find any reasonable probability here that officers might have searched the wrong house. *See Garcia*, 707 F.3d at 1197. The only other residence officers might conceivably have searched was 1515 North 67th East Avenue. But the warrant described a duplex located south of 15th Street, and the affidavit included information from informants about a stash house near 15th Street and Sheridan. The record reveals that the 1515 South 67th East Avenue residence is near the intersection of 15th Street and Sheridan, just south of 15th Street. On the other hand, 1515 North 67th East Avenue is located nearly three miles north of 15th Street. Thus, the description of the residence in the warrant, plus photos and the executing officer's prior knowledge of the premises "virtually eliminated the possibility of searching the wrong residence." *Id.* In other words, the warrant was practically accurate despite the wrong address. *See id.*

Because the search warrant adequately described the place to be searched with particularity, we reject Deloera-Escalera's facial invalidity argument and affirm the district court's denial of his motion to suppress.

Affirmed.

Entered for the Court

Nancy L. Moritz
Circuit Judge

7